IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GARY L. RICHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-197-KEW |
| | ) |
| (2) CUDD PUMPING SERVICES, INC., | ) |
| | ) |
| (3) KEVIN GABRIEL HUTCHINGS, and | ) |
| | ) |
| (4) ACE AMERICAN INSURANCE CO., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

For their Answer to Plaintiff's Petition/Complaint (*See* Doc. # 3-1), Defendant, Cudd Pumping Services, Inc. ("Cudd") and Defendant Kevin Gabriel Hutchings ("Hutchings")(collectively "Defendants") state as follows:

1. Based on reason, information and belief, Paragraph 1 of Plaintiff's Petition/Complaint is admitted.

2. Paragraph 2 of Plaintiff's Petition/Complaint is admitted.

3. Paragraph 3 of Plaintiff's Petition/Complaint is admitted.

4. Paragraph 4 of Plaintiff's Petition/Complaint is denied.

5. The allegation contained in Paragraph 5 of Plaintiff's Petition/Complaint concerns only a conclusion of law as to which no answer is required of Defendants. To the extent that Defendants are otherwise required to respond to the allegation contained in Paragraph 5, the allegation is admitted only to the

extent that venue is proper under 12 O.S. § 141 regarding Defendant Hutchings. Defendants posit that venue is also proper in this Court based on diversity jurisdiction, as Pittsburg County sits in this judicial district. To the extent any other allegation is inferred in Paragraph 5, the same is hereby denied.

6. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Petition/Complaint; thus, the allegations contained in Paragraph 6 are denied and strict proof thereof is demanded.

7. Paragraph 7 of Plaintiff's Petition/Complaint is admitted. However, Plaintiff also failed to yield the right-of-way, resulting in the collision.

8. Paragraph 8 of Plaintiff's Petition is admitted.

9. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Petition/Complaint; thus, the allegations contained in Paragraph 9 are denied and strict proof thereof is demanded.

10. Regarding Paragraph 10 of Plaintiff's Petition/Complaint, the allegations contained therein call for a legal conclusion to be determined by a jury. In addition, Plaintiff failed to yield the right-of-way which resulted in subject collision.

11. Paragraph 11 of Plaintiff's Petition/Complaint is denied.

12. Defendants deny all requests for relief, including but not limited to, the allegations made in the unnumbered *ad damnum* paragraph in Plaintiff's Petition/Complaint.

13. Except as otherwise expressly admitted above, Defendants deny each and every allegation or averment contained in Plaintiff's Petition/Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Petition/Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Defendant Ace American Insurance Company is not a proper party to this lawsuit.

3. Assuming Plaintiff has suffered damages as a result of the allegations contained in Plaintiff's Petition/Complaint, Plaintiff has failed to mitigate his damages such that his recovery should be limited or barred.

4. Defendants hereby raise any affirmative defense available to Defendants as enumerated in Fed. R. Civ. P. 8 and/or 12 O.S. § 2008.

5. Defendants reserve the right to amend their Answer upon discovery of additional information.

6. Defendants were not negligent.

7. Defendants are not liable to Plaintiff under any theory of recovery in law or

equity.

9. Plaintiff's damages and injuries, if any, were the sole result of Plaintiff's own negligence. But, if it be determined that Defendants were also negligent, Plaintiff's negligence was to such a degree as to bar any recovery to Plaintiff. In addition, under no circumstances can Defendants be held liable for more than the percentage of negligence that may be attributed by a jury to Defendants' conduct.

10. Assuming Plaintiff has suffered damages as a result of the allegations contained in Plaintiff's Petition/Complaint, Plaintiff's alleged damages are inflated.

WHEREFORE, having fully answered, Defendants Cudd and Hutchings respectfully request that Plaintiff take nothing by way of his Petition/Complaint and let it be dismissed along with Defendant Cudd's and Defendant Hutchings' costs and a reasonable attorney's fee. Accordingly, Defendants Cudd and Hutchings also respectfully request such other relief this Court deems just, equitable and proper.

        Respectfully Submitted,

        s/ B. Taylor Clark
        Richard E. Hornbeek, OBA No. 10855
        B. Taylor Clark, OBA No. 22524
        HORNBEEK VITALI & BRAUN, P.L.L.C.
        3711 North Classen Boulevard
        Oklahoma City, OK   73118
        (405) 236-8600 Telephone
        (405) 236-8602 Facsimile
        hornbeek@hvblaw.com
        clark@hvblaw.com
        *Attorneys for Defendants, Cudd & Hutchings*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Eric Grantham
*Stipe, Harper, Laizure, Uselton,*
*Belote, Maxcey & Thetford LLP*
343 East Carl Albert Pkwy.
P.O. Box 1369
McAlester, OK 74502
eric@stipelaw.com
*Attorney for Plaintiff*

        s/B. Taylor Clark
        B. Taylor Clark